UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOCTOR'S ASSOCIATES, INC., : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:06-cv-1710 (JCH) |
| : | |
| QIP HOLDERS, LLC and : | |
| IFILM CORP., : | APRIL 18, 2007 |
|     Defendants. : | |

**RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS [Doc. No. 73]**

**I.   INTRODUCTION**

Doctor's Associates, Inc. ("Subway") has filed a complaint against QIP Holders, LLC ("Quiznos") and iFilm Corp. ("defendants," collectively). Defendant Quiznos has moved to dismiss Count Four of the plaintiff's Fourth Amended Complaint, which states a violation of the Lanham Act in connection with the "Quiznos v. Subway TV Ad Challenge," alleging that the defendants engaged in false and misleading advertising in violation of 15 U.S.C. § 1125 et seq. Quiznos has moved to dismiss Count Four because it claims it is entitled to immunity under the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1).

**II.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). The court must draw all reasonable

inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint.  United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard.  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

### III.    FACTS[1]

On or about October 31, 2006, the defendants co-sponsored a nationwide contest, "Quiznos v. Subway TV Ad Challenge" (the "Contest"), in which Quiznos sought out contestants to submit video entries comparing a Subway sandwich to the Quiznos Prime Rib Cheesesteak sandwich.  See 4th Am. Comp. at ¶ 21.  As an

---

[1] The court takes the facts alleged in the Fourth Amended Complaint ("4th Am. Comp.") [Doc. No. 53] as true for purposes of this motion and draws all reasonable inferences in the plaintiff's favor.

example, Quiznos posted three sample videos to the iFilm website that compared the two products.  Id. at ¶ 23.  The Contest rules informed entrants to log onto "meatnomeat.com" to submit their video entries.  Id. at ¶ 21.  The entries were posted up through December 8, 2006, and, over Subway's objection, remained on the iFilm website following the end of the Contest and selection of a winner.  Id. at ¶ 26.  Subway alleges that "[t]he advertising statements encouraged and promoted by the Defendants are false and misleading," in violation of the Lanham Act.  Id. at ¶ 25.

**IV.    DISCUSSION**

The Communications Decency Act provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  "Interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet."  Id. at § 230(f)(2).  "Information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  Id. at § 230(f)(3).  Thus, unless an exception applies, Quiznos is immune from liability if "(1) [Quiznos] is a 'provider or user of an interactive computer service'; (2) the claim is based on 'information provided by another information content provider'; and (3) the claim would treat [Quiznos] 'as the publisher or speaker' of that information."  Universal Communication Systems, Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007).

While courts have "generally interpreted Section 230 immunity broadly, so as to effectuate Congress's 'policy choice . . . not to deter harmful online speech through the . . . route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages,'" id. (citing cases), this court finds it cannot decide whether Quiznos is entitled to immunity at this stage of the proceeding. Because "invocation of Section 230(c) immunity constitutes an affirmative defense[, a]s the parties are not required to plead around affirmative defenses, such an affirmative defense is generally not fodder for a Rule 12(b)(6) motion." Novak v. Overture Servs., Inc., 309 F. Supp. 2d 446, 452 (E.D.N.Y. 2004); see also Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) ("Affirmative defenses do not justify dismissal under Rule 12(b)(6); litigants need not try to plead around defenses.").[2]  Thus, "such a defense is generally addressed as Rule 12(c) or Rule 56 motion." Novak, 309 F. Supp. 2d at 452. Moreover, taking the allegations in the Fourth Amended Complaint as true for purposes of this motion, the court cannot, as a matter of law, state that "the plaintiff can prove no set of facts in support of" a finding of no immunity under the CDA. Conley, 355 U.S. at 45-46.  Instead, whether or not Quiznos is an "information content provider" is a question awaiting further discovery.[3]

---

[2]While Quiznos correctly points out that the courts in both Novak and Doe ultimately considered the immunity defense on the merits, the reason for doing so was because the plaintiffs in those cases neither protested to the district court's use of Rule 12(b)(6), nor requested better notice or additional discovery.  In this case, however, the plaintiff has requested both that the court not address this defense on a Rule 12(b)(6) motion and additional discovery.

[3]The court does not agree with Quiznos that the allegations in the Fourth Amended Complaint do not at all encompass whether or not Quiznos altered or was otherwise creatively

Thus, the court denies Quiznos' Motion to Dismiss Count Four of the Fourth Amended Complaint, without prejudice to raise this claim as a Rule 56 Motion following discovery.

## IV.     CONCLUSION

For the foregoing reasons, the court DENIES the defendant's partial motion to dismiss [**Doc. No. 73**].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of April, 2007.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

involved with any part of the contestant videos.  See Def.'s Reply at 4 [Doc. No. 84].  Subway has satisfied the simplified notice pleading standard under Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002):

> Federal Rule of Civil Procedure 8(a)(2)[] provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.  See id. at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993).