UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOC. INC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1710 (VLB) |
| QIP HOLDERS LLC. and , | : | |
| IFILM, INC., | : | |
|     Defendants. | : | September 24, 2007 |

### ORDER
### Re: Joint Motion for Entry of a Protective Order (Doc. No. 95)

On June 29, 2007, the parties filed a Joint Motion for Entry of a Protective Order and an accompanying Confidentiality Stipulation. In support, the parties offer that "sensitive information pertaining to trade secrets or confidential research, development, business, commercial, or financial information will be sought . . . ." The motion, [95], is granted in all respects except that it is denied to the extent that it seeks to effect the sealing of any document filed with the court or direct the activity of the clerk's office.

The presumption that documents should not be sealed necessitates the court's watchful eye when blanket sealing provisions are proposed. See *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *United States v. Graham,* 257 F.3d 143, 150 (2d Cir. 2001); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *Video Software Dealers Assoc. v. Orion Pictures, Corp.* (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994). "A blanket sealing order . . . would rarely, if ever, be appropriate. An agreement by

parties to an action to seal or limit disclosure of documents on file is not a sufficient basis for granting an such an order." *Suntoke v. PSEG Power Connecticut, LLC.,* No. 06-1520, 2007 U.S. Dist. LEXIS 35888 at *2 (D. Conn. May 16, 2007).

The parties may, by motion, request that particular documents be sealed.

SO ORDERED.

_____/S/_____

**Vanessa L. Bryant**
**United States District Judge**