# PLAINTIFF'S SECOND AMENDED EXHIBIT B

## Defendants' Witnesses

**I.  Fact Witnesses**

Defendants expect to call the following fact witnesses.  Defendants reserve their right to amend their witness list to offer additional witnesses, if necessary, to rebut claims made by the Plaintiff.  Defendants also reserve the right to call any of Plaintiff's witnesses to the extent the Court does not exclude such witnesses from testifying.

| Name and Address | Likelihood of Testifying | Summary of Anticipated Testimony | Expected Duration of Testimony |
|---|---|---|---|
| Melinda Allen<br>6529 South Walden St.,<br>Aurora, CO 80016 | If necessary | Ingredients and specifications for the Quiznos Prime Rib Cheesesteak and Ultimate Italian sandwiches | 2-4 hours |
| Jodi Boyce<br>11139 West 55th Place,<br>Arvada, CO 80002 | Likely | Creation and production of Prime Rib Cheesesteak and Ultimate Italian commercials, and the rollout of Quiznos' Prime Rib Cheesesteak and Ultimate Italian sandwiches | Full day |
| Tamani Chio<br>3439 West 34th Avenue,<br>Denver, CO 80211 | If necessary | Media spend on the marketing campaign that included the Prime Rib Cheesesteak and Ultimate Italian commercials and the Contest, and the conception of the Contest | 3-5 hours |
| Trey Hall<br>1001 17th Street<br>Suite 200<br>Denver, CO 80202 | Likely | Information about Quiznos, Quiznos' marketing efforts and the process by which Quiznos creates advertising | 3-5 hours |
| Debbie Lauf<br>Millward Brown, Inc.<br>501 Kings Highway East<br>Fairfield, CT 06825 | If necessary (by trial subpoena) | Studies that Millward Brown conducted for or on behalf of SFAFT and/or Subway, including research assessing the influence of Quiznos' advertising on consumers' perceptions | Half day |
| Michael Manning<br>Quiznos<br>1001 17th Street<br>Suite 200<br>Denver, CO 80202 | Likely | Ingredients and specifications for the Quiznos Prime Rib Cheesesteak and Ultimate Italian sandwiches, including the standards for audits that Quiznos conducted to verify that franchisees were making the Prime Rib Cheesesteak sandwich | Half day |

| | | according to specifications | |
|---|---|---|---|
| Tracey Marshall<br>SFAFT<br>488 Wheelers Farms Rd.<br>Milford, CT 06461 | If necessary (by trial subpoena) | Studies conducted by or on behalf of SFAFT and/or Subway related to the influence of Quiznos' advertising on consumers' perceptions | Half day |
| Tobi Frank Martin<br>4102 Old Topanga Canyon Rd.,<br>Calabasas, CA 91302 | Likely | Production of the Prime Rib Cheesesteak and Ultimate Italian commercials, including the food stylist's role in creating the commercials | Half day |
| John Miles<br>MediaCom USA<br>498 7th Avenue<br>New York, NY 10018 | Likely | MediaCom's involvement in the responses of Subway and/or SFAFT to Quiznos' advertising, including communications with television networks regarding the commercials | 3 hours |
| Richard Muldowney<br>SFAFT<br>488 Wheelers Farms Rd.<br>Milford, CT 06461 | If necessary (by trial subpoena) | Studies conducted by or on behalf of SFAFT and/or Subway related to the influence of Quiznos' advertising on consumers' perceptions | Half day |
| Tom Ryan<br>Quiznos<br>1001 17th Street<br>Suite 200<br>Denver, CO 80202 | If necessary | Information about Quiznos and the process by which Quiznos creates advertising | 3-5 hours |
| Chris Ruszkowski<br>Quiznos<br>1001 17th Street<br>Suite 200<br>Denver, CO 80202 | Likely | Information about Quiznos and the process by which Quiznos creates advertising | 3-5 hours |
| Michael Storms<br>MediaCom USA<br>498 7th Avenue<br>New York, NY 10018 | If necessary (by trial subpoena) | Studies that MediaCom conducted for or on behalf of SFAFT and/or Subway, including research assessing the influence of Quiznos' advertising on consumers' perceptions | Half day |
| Tammy Rios<br>Millward Brown, Inc.<br>501 Kings Highway East<br>Fairfield, CT 06825 | Likely | Studies that Millward Brown conducted for or on behalf of SFAFT and/or Subway, including research assessing the influence of Quiznos' advertising on consumers' perceptions | 1-2 hours |
| Diane Hathaway<br>Millward Brown, Inc.<br>501 Kings Highway East<br>Fairfield, CT 06825 | If necessary (by trial subpoena) | Studies that Millward Brown conducted for or on behalf of SFAFT and/or Subway, including research assessing the influence of Quiznos' advertising on consumers' perceptions | 1-2 hours |

**Plaintiff's Objections:**

Plaintiff objects to witnesses Michael Manning, Trey Hall, Tammy Rios, and Diane Hathaway.  These witnesses were not identified in any document as a witness to testify to the issues indicated, in response to any Rule 30(b)(6) notice of deposition.

Plaintiff objects to the testimony of Michael Storms, Richard Muldowney, Tracey Marshall, and Debbie Lauf as not relevant and as more prejudicial than probative.

Plaintiff further objects to the designation of Tom Ryan and Chris Ruszkowski.  Neither of these witnesses have been identified as witnesses available to testify on these topics which were part of Plaintiff's Rule 30(b)(6) Notice.

**Defendants' Response in Support**

Contrary to Plaintiff's assertion, Defendants disclosed Tom Ryan in their Rule 26(a) disclosures.

Michael Storms, Richard Muldowney, Tracey Marshall, and Debbie Lauf are material witnesses in this case.  They are within the Court's subpoena power.  Further, they are the authors of documents which Defendants seek to admit during trial, and their testimony will be needed to overcome a hearsay objection.

Michael Manning replaced Melinda Allen, who was deposed in this case, as she is no longer employed at Quiznos.  In addition, Manning was an employee in the same department as Ms. Allen when she was employed by Quiznos.  Thus, Mr. Manning has knowledge of the matters to which Ms. Allen testified and will essentially adopt the testimony of Ms. Allen.

Chris Ruszkowski is the current Vice President of Marketing at Quiznos.  His testimony is intended to briefly provide information on Quiznos' advertising style.  His testimony will be general and will be short.

## II. Expert Witnesses

### A. Yoram (Jerry) Wind, Ph.D.

#### 1. Area of Expertise

Dr. Wind's expertise includes market strategy, marketing research and consumer and industrial buying behavior. His expertise also includes the design and interpretation of studies intended to measure consumer perception.

#### 2. Opinions to Be Expressed and Bases of Opinions

Dr. Wind's opinions are set forth in detail in his expert report in this case, attached hereto. However, without waiving any opinions expected to be expressed at trial, a short, non-exhaustive summary of his opinions follows.

It is Dr. Wind's opinion that the survey Plaintiff's expert, Joel H. Steckel, conducted to measure the extent to which the sandwich comparison in Quiznos' Ultimate Italian Commercial deceived consumers ("Steckel Study") offers no insight into consumers' perceptions of the Commercial. It is also Dr. Wind's opinion that the conclusions Steckel draws from the survey, and which he presents in his expert report in this case, are invalid. Dr. Wind reaches these conclusions on the grounds that the Steckel Study is fatally flawed and that Plaintiff's own research, studies and actions validate the truthfulness of the comparison and representations made in the Commercial. Should any of the Insight Express surveys created by Subway employee Tricia Kingston be admitted into evidence, Dr. Wind will also explain why they are so methodologically flawed that they should be given no weight by the jury.

It is also Dr. Wind's opinion that the Contest that Defendants co-sponsored is a common marketing practice and that no evidence suggests that the videos contestants submitted as entries to the Contest damaged the Subway brand in any way. Dr. Wind reaches these conclusions based upon his expertise and experience, Plaintiff's failure to conduct a study properly measuring consumers' perceptions of the contestant videos, documents produced by the parties in this case and deposition testimony.

### 3. List of Materials Upon Which Dr. Wind Relies

Dr. Wind intends to rely on the following materials to support his opinion:

- Report of Joel Howard Steckel (and exhibits) and data underlying the report

- Manual for Complex Litigation (Fourth Ed., 2004)

- Millward Brown February 2007 TV Link™ Issue Report: Impact of 'Ultimate Italian' on Subway User Groups (Bates Nos. MB-000144-50)

- Millward Brown Jan - Feb, 2007 Link™ Copy Testing of "Quiznos Ultimate Italian Sub" (Bates Nos. MB-000093-133; MB-000151-60; MB-006163-73)

- NPD Feb - April, 2007 Market Analysis (Bates Nos. NPD000001-84

- Synovate 2006-7 Concept and Brand Development and Tracking Study (Bates Nos. Synovate002610-96; Synovate004680-4800; Synovate006608-60; Synovate006566-6607)

- SFAFT 2007 Copy Test Results for Quiznos ad and Quiznos Response Explanation (Bates Nos. PACEMULDSFAFT000100-187; DA000156-181)

- Oct 29,2006 SFAFT Memorandum re: Quiznos Ad Research (Bates No. PACEMULDSFAFT000270-71)

- Draft March 5, 2007 Report by Bill Schettini, "Improving Customer Perception of Subway's Everyday Value and Affordability" (Bates Nos. DA000839-888)

- February 9, 2007 SFAFT Quizno's Response Exploration (Bates Nos. PACEMULDSFAFT000100-187)

- All marketing research texts listed in footnote 3 of Dr. Wind's Report, at p. 4.
- All materials listed in Appendix B to Dr. Wind's expert report.

### 4. Report and Curriculum Vitae

Dr. Wind's Report and Curriculum Vitae are attached hereto as **Exhibit R**.

## B. Arjun Sen

### 1. Area of Expertise

Mr. Sen's expertise includes marketing, marketing research and strategic planning. Mr. Sen's expertise also includes designing and implementing studies to determine whether advertising claims are substantiated.

### 2. Opinions to Be Expressed and Bases of Opinions

Mr. Sen's opinions are set forth in detail in his expert report in this case, attached hereto. However, without waiving any opinions expected to be expressed at trial, a short, non-exhaustive summary of his opinions follows.

It is Mr. Sen's opinion that Quiznos' claim in the Prime Rib Cheesesteak Commercial that the Quiznos Prime Rib Cheesesteak contained "more than 2x the meat" of Subway's Cheesesteak sandwich was true. This conclusion is based on the results of an independent meat weight study that Mr. Sen's company, RMG, conducted and which Mr. Sen directed between August and September 2006. It is Mr. Sen's opinion that, at the time the Commercial aired, the amount of meat in a six-inch Subway toasted standard Cheesesteak sub was less than 2.0 ounces and the amount of meat in a small Quiznos toasted standard Prime Rib Cheesesteak sub was between 4.678 and 4.926 ounces.

### 3. List of Materials Upon Which Mr. Sen Relies

Mr. Sen intends to rely on all materials listed in Exhibit B to his expert report.

### 4. Report and Curriculum Vitae

Mr. Sen's Report and Curriculum Vitae are attached hereto as **Exhibit S**.

## C. Hal L. Poret

### 1. Area of Expertise

Mr. Poret's expertise includes designing and implementing consumer perception and behavior studies, as well as studies to determine whether advertising claims are substantiated.

### 2. Opinions to Be Expressed and Bases of Opinions

Mr. Poret's opinions are set forth in detail in his expert report in this case, attached hereto. However, without waiving any opinions expected to be expressed at trial, a short, non-exhaustive summary of his opinions follows.

It is Mr. Poret's opinion that Quiznos' claim in the Ultimate Italian Commercial that the Quiznos Ultimate Italian contained "2x the meat" of Subway's Italian BMT sandwich was true. This conclusion is based on the results of an independent meat weight study ("Guidline Study") that Mr. Poret oversaw in December 2006. It is Mr. Poret's opinion that, at the time the Commercial aired, the amount of meat in an average six-inch Subway Italian BMT sub weighed 2.35 ounces whereas the meat in an average small Quiznos Ultimate Italian sub weighed between 4.82 ounces.

### 3. List of Materials to be Relied Upon

Mr. Poret intends to rely on the following materials to support his opinion:

- Statistics Applied to Performance Test Design and Interpretation, *in* NAD Workshop Proceedings, June, 1992

- Table of measured weights of the meat in small Quiznos Ultimate Italian sandwiches and 6-inch Subway Italian BMT sandwiches, at Appendix B to the Expert Report of Hal Poret.

- Field Instructions for the Guideline Study, at Appendix C to the Expert Report of Hal Poret.

### 4. Report and Curriculum Vitae

Mr. Poret's Report and Curriculum Vitae are attached hereto as **Exhibit T.**

### D. Stephen D. Silberman, Ph.D.

#### 1. Area of Expertise

Dr. Silberman is an economist whose expertise includes calculating damages related to liability in commercial disputes, including matters related to advertising and the retailing of various products.

#### 2. Opinions to Be Expressed and Bases of Opinions

Dr. Silberman's opinions are set forth in detail in his expert report in this case, attached hereto. However, without waiving any opinions expected to be expressed at trial, a short, non-exhaustive summary of his opinions follows.

It is Dr. Silberman's opinion that Subway's expert Joel H. Steckel and its damages expert, Robert P. Schweihs, who by order of this court must adopt the opinions of Alan A. Schachter, have provided no empirical evidence that the alleged false and misleading claims in Quiznos' television advertising campaigns reduced Subway's revenues or profits. It is also Dr. Silberman's opinion that Subway's experts have provided no evidence of any kind that the "Quiznos vs. Subway TV Ad Challenge" Contest had any effect on Subway's revenues or profits. Dr. Silberman will testify that Mr. Schweihs's damages estimate is completely unreliable.

Dr. Silberman reaches the above conclusions based on several grounds. Among other things, Dr. Silberman concludes that Mr. Schweihs's damages analysis is seriously methodologically flawed and fails to isolate the effect, if any, that Quiznos' ad campaigns had on Subway from the effects of other factors, including the marketing and promotional campaigns of other quick service restaurant (QSR) chains and possible weaknesses in Subway's contemporaneous sales and marketing activities. Additionally, Dr. Silberman concludes based on the evidence in this case that the ad campaigns had at most a *de minimis* effect on Subway's profits and that the ad campaigns may have reduced Subway's profits, if at all, by only about $210,000. Further, Dr. Silberman concludes that Schweihs's damages model ignores Subway's own survey evidence, which indicates that the ad campaigns had no statistically significant effect on relevant customer perceptions of Subway.

### 3. List of Materials to be Relied Upon

Dr. Silberman intends to rely on the following materials to support his opinion:

- Expert Report of Robert P. Schweihs (and exhibits)

- Transcript of the Deposition of Robert Schweihs

- Transcript of the Deposition of David Worroll

- Mark Hirschey, "Intangible Capital Aspects of Advertising and R&D Expenditures, *Journal of Industrial Economics* (June 1982), pp. 375-390

- Mark Hirschey and Jerry Weygandt, "Amortization Policy for Advertising," *journal of Accounting Research* (Spring, 1985), pp. 326-335

- Elisabeth Landes and Andrew Rosenfeld, "The Durability of Advertising Revisited," *Journal of Industrial Economics* (September 1994), pp. 263-276

- Lacy Thomas, "Advertising in Consumer Goods Industries: Durability, Economies of Scale, and Heterogeneity, *Journal of Law and Economics* (April 1989) pp. 163-193

- Plaintiff's Further Supplemental Objections and Responses to Defendant's Third Set of Interrogatories, June 9, 2008, Response No. 10

- Oct 29, 2006 SFAFT Memorandum re: Quiznos Ad Research (and attachments) (Bates Nos. PACEMULDSFAFT000270-84)

- Preliminary Results – New Steak Follow-up (Bates Nos. DA002122-57)

- December 13, 2006 e-mail from Muldowney to Marshall et al. re: Quiznos – Litigation Related, attaching Quiznos Impact to All U.S. Stores W7 2006 v3.ppt (Bates Nos. DA000085-96)

- February 6, 2007 SFAFT Report: W1 2007 Factors for Success (failure) (Bates Nos. DA002340-54)

- SFAFT Report: Based on Tracking and Additional U&A Conducted in Week 3 W7 (Bates Nos. DA011588-95)

- SFAFT Report: Concept and Brand Development and Tracking Study, U.S. 4Q 2006 (Win 7/8) (Bates Nos. DA011745-829)

- "Increased Noise: We're not the only ones talking about steak" (Bates No. PACEMULDSFAFT000285)

- Suzanne Vranica, "Hey, No Whopper on the Menu?!" *Wall Street Journal* (February 8, 2008), p. B3

- SFAFT Report: Concept and Brand Development and Tracking Study, U.S. 3Q 2006 (Win 5/6) (Bates Nos. DA002442-531)

- August 2007 Presentation by Bill Schettini: QSR Industry and Subway State of the Business (Bates Nos. DA000704-57)

- "The QSR 50," (August 2007), p. 4

- SFAFT Report: State of the Union (Bates Nos. DA011596-652)

- Carl Shapiro, "Mergers with Differentiated Products," *Antitrust* (Spring 1996), pp. 23-30.

- November 3, 2006 SFAFT Weekly Quick Poll Survey (Bates No. DA001954-2025)

- SFAFT Report: Effect of Quiznos' Advertising (Bates Nos. PACEMULDSFAFT00017-51)
- SFAFT Report: Quizno's Response Exploration (Bates Nos. PACEMULDSFAFT000100-87)
- All materials listed as sources in Exhibits 1-8 to the Expert Report of Stephen D. Silberman, Ph.D.
- All materials listed in Appendix B to the Expert Report of Stephen D. Silberman, Ph.D.

### 4. Report and Curriculum Vitae

Dr. Silberman's Report and Curriculum Vitae are attached hereto as **Exhibit U**.

### E. Martin P. Block, Ph.D.

#### 1. Area of Expertise

Dr. Block's expertise includes marketing research, sales promotion, advertising, and consumer behavior.

#### 2. Opinions to Be Expressed and Bases of Opinions

Dr. Block's opinions are set forth in detail in his expert report and supplemental report in this case, attached hereto. However, without waiving any opinions expected to be expressed at trial, a short, non-exhaustive summary of his opinions follows.

It is Dr. Block's opinion that Subway has not established that it lost any sales as a result of Quiznos' comparative advertising. Dr. Block will testify that Subway's experts fail to link any alleged deceptions or falsehoods in the commercials or Contest to a change in the behavior of Subway's customers such that the representations would have affected Subway's sales.

Dr. Block reaches these conclusions on the ground that factors outside of Quiznos' advertising may have caused any changes in Subway's sales or store traffic, and that Subway's experts failed to consider these factors. The factors include

promotions and advertising run by other QSRs, inadequate advertising from Subway during the relevant time period and consumers' dissatisfaction with Subway's service and products.  Additionally, a consumer's choice of one QSR over another depends on the QSRs' physical location and convenience, and Subway's experts failed to consider the physical distribution of Quiznos and other QSRs versus Subway stores in arriving at their opinions.  It is Dr. Block's opinion that store traffic, visit incidence and visit frequency at Subway may have increased as a result of Quiznos' ad campaigns, rather than declined.

### 3. List of Materials to be Relied Upon

Dr. Block intends to rely on the following materials to support his opinion:

- Expert Report of Joel H. Steckel (and exhibits)

- Expert Report of Robert P. Schweihs (and exhibits)

- 1979 FTC Statement of Policy Regarding Comparative Advertising, Exhibit C to the Expert Report of Martin Block, Ph.D.

- SFAFT Analysis: "Subway SWOT – Quiznos Specific" (Bates No. PACEMULDSFAFT000151)

- December 13, 2006 e-mail from Muldowney to Marshall et al. re: Quiznos – Litigation Related, attaching Quiznos Impact to All U.S. Stores W7 2006 v3.ppt (Bates Nos. DA000085-96)

- Oct 29,2006 SFAFT Memorandum re: Quiznos Ad Research (and attachments) (Bates Nos. PACEMULDSFAFT000270-84)

- February 9, 2007 e-mail from Marshall to Pace et al., attaching February 2007 Millward Brown Report "TV Link™ Issue Report: Impact of 'Ultimate Italian' on Subway User Groups" (Bates Nos. DA000204-10)

- SFAFT Report: Effect of Quiznos' Advertising (Bates Nos. PACEMULDSFAFT00017-51)

- Subway Report: "Consumer Visits to Commercial Restaurants," July 2007 (Bates Nos. DA000615-703)

- SFAFT Report: Concept and Brand Development and Tracking Study, U.S. 4Q 2006 (Win 7/8) (Bates Nos. DA011745-829)

- All materials listed in Exhibit B to the Expert Report of Martin Block, Ph.D.

### 4. Report and Curriculum Vitae

Dr. Block's Report, Curriculum Vitae and Supplemental Report are attached hereto as **Exhibit V**.